IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

15 CV 3068

| | |
|---|---|
| KIMBERLYN VELASQUEZ, On Behalf Of Herself And All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SAFI-G, INC. (d/b/a CAFFE BUON GUSTO) and NASSER GHORCHIAN,<br><br>Defendants. | JUDGE PAULEY<br>Docket No.: 15-CV-03068-WHP<br><br>CLASS/COLLECTIVE ACTION COMPLAINT AND JURY DEMAND<br><br> |

## CLASS/COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

Plaintiff, KIMBERLYN VELASQUEZ, by and through her attorneys, JTB LAW GROUP, LLC, as and for her Complaint against Defendants SAFI-G, INC. (d/b/a CAFFE BUON GUSTO) (the "Defendant Corporation") and NASSER GHORCHIAN (collectively, the "Defendants"), alleges of her own knowledge and conduct and upon information and belief as to all other matters, as follows:

### PRELIMINARY STATEMENT

1. This collective/class action arises out of the persistent and willful failure of Defendants SAFI-G, INC. (d/b/a CAFFE BUON GUSTO) and NASSER GHORCHIAN to properly compensate Plaintiff KIMBERLYN VELASQUEZ a former employee of Defendants, and all other similarly situated persons who are or were employed by Defendants at their restaurants during the timeframes permissible under the Fair Labor Standards Act

("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Wage and Hour Laws, N.Y. Labor Law Article 6 §§ 190 *et seq.*, Article 19 §§ 650 *et seq.*, and related regulations ("NYLL")..

2. Plaintiff worked as a waitress in Defendants' restaurant. Defendants violated the FLSA and the NYLL by:

    a. paying Plaintiff on a per-shift basis, rather than a per-hour basis as required under NYCRR § 146-2.5;

    b. paying Plaintiff less than the minimum wage for tipped employees required by the FLSA and the NYLL;

    c. not paying Plaintiff overtime pay for hours worked in excess of forty (40) each week;

    d. not paying Plaintiff one additional hour of pay at the basic minimum hourly rate on those days when her spread of hours exceeded ten (10);

    e. failing to inform Plaintiff of her rights under Section 203(m) of the FLSA, as required by that same Section for an employer seeking to claim the "tip credit"; and

    f. failing to provide Plaintiff with written notice of her regular hourly pay rate, overtime hourly pay rate, the amount of tip credit, if any, to be taken from the basic minimum hourly rate, and the regular payday, as required under NYCRR § 146-2.2.

3. By reason of Defendants' persistent and willful violations of the FLSA and the NYLL, Plaintiff was illegally underpaid for her work.

4. Plaintiff brings this action to recover monetary damages, liquidated damages, interest and costs, including reasonable attorney's fees, as a result of Defendants' willful violation of the FLSA and NYLL.

5. Plaintiff also asserts FLSA claims pursuant to 29 U.S.C. § 216(b) on behalf of other similarly situated employees of Defendant who were and are affected by Defendants' policy of failing to pay its employees appropriate minimum wage and/or overtime compensation.

6. Plaintiff also asserts NYLL claims pursuant to Fed. R. Civ. P. 23 on behalf of other similarly situated employees of Defendant who were and are affected by Defendants' policy of failing to pay its employees appropriate minimum wage, overtime, and/or "spread of hours" compensation.

7. For at least six (6) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed systematic and widespread violations of the above-described federal and state wage and hour statutes and regulations, in the manner described herein.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action is brought for violations of the FLSA, a federal statute.

9. As to the claims under the NYLL, this Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b)(2), because all or substantially all of the events and omissions that give rise to this claim occurred in this District.

## THE PARTIES

*Plaintiff*

11. At all relevant times herein, Plaintiff KIMBERLYN VELASQUEZ was, and currently is, a resident of Queens County, State of New York.

12. Plaintiff was employed by Defendants from January 2007 through September 2012, and again from September 2013 through July 2014.

13. Plaintiff consents to being a party pursuant to 29 U.S.C. § 216(b), and brings these claims based on the allegations herein as a representative party of a prospective collective of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

14. Defendant Corporation is a business corporation organized and existing under the laws of the State of New York, with a principal executive office at 236 E. 77th Street, New York, NY 10021, and an address for service of process at P.O. Box 23908, Brooklyn, NY 11201.

15. Defendant NASSER GHORCHIAN is the Chief Executive Officer of Defendant Corporation.

16. At all relevant times, Defendant NASSER GHORCHIAN possessed operational control over Defendant Corporation; possessed an ownership interest in Defendant Corporation; and/or controlled significant business functions of Defendant Corporation.

17. At all relevant times, Defendant NASSER GHORCHIAN had the authority to hire and fire employees of Defendant Corporation, including Plaintiff; determined the wages and compensation of Plaintiff and other employees of Defendant Corporation; and established their schedules; and maintained their records.

18. At all relevant times, Defendants have owned, operated, and/or controlled two restaurants (collectively, the "Restaurants"):

   a. a restaurant located at 236 E. 77th Street, New York, NY 10075, doing business under the name Caffe Buon Gusto (the "Upper East Side Location"), where Plaintiff was employed; and

   b. a restaurant located at 151 Montague St., Brooklyn, NY 11201, also doing business under the name Caffe Buon Gusto (the "Brooklyn Location").

19. At all relevant times, Defendants, individually and/or jointly, have had annual gross revenues of more than $500,000.

20. Defendants have employees who handle, sell, or work on goods or materials, including food and beverage products, that have moved in or been produced for commerce.

21. Defendants are employers engaged in interstate commerce as those terms are defined under the FLSA and NYLL.

22. Inasmuch as the allegations herein concern violations that occurred at the Upper East Side Location, located at 236 E. 77th Street, New York, NY 10075, whichever entity owned and operated this location during all relevant time periods – should discovery reveal that it is a different entity than Defendants – is hereby on notice of Plaintiff's intention to add FLSA and NYLL claims against such Defendant, to be related back to the date on which this Complaint was filed.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*
*Or, In The Alternative, Constitute A Single Employer*

23. Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

24. At all relevant times, Defendants operated the Restaurants.

25. At all relevant times, Defendants were associated and joint employers, acted in the interest of each other with respect to employees, paid employees by the same methods, and shared control over the employees.

26. At all relevant times, Defendants jointly employed Plaintiff and all similarly situated individuals, and were their employers within the meaning of the FLSA and the NYLL.

27. In the alternative, Defendants constituted a single employer of Plaintiff and all similarly situated individuals.

28. Plaintiff was employed by Defendants at the Upper East Side Location from January through June 2007 to answer phones. She then worked for Defendants as a waitress at the Upper East Side Location from June 2012 through September 2012, and again from September 2013 through July 2014.

29. During the time of Plaintiff's employment, Defendant Corporation:

   a. supervised and controlled Plaintiff's work schedule;

   b. determined the rate and method of payment for Plaintiff's compensation; and

   c. maintained time and payroll records pertaining to Plaintiff.

30. During the time of Plaintiff's employment, Defendant NASSER GHORCHIAN:

   a. supervised and controlled Plaintiff's work schedule;

   b. determined the rate and method of payment for Plaintiff's compensation; and

6

    c. maintained time and payroll records pertaining to Plaintiff.

*Plaintiff*

31. As a waitress, Plaintiff was employed as a Food Service Worker, as defined in NYCRR § 146-3.4(a).

32. As a waitress, Plaintiff was primarily engaged in the serving of food or beverages to customers of the Upper East Side Location. Her duties also included counting the register; cleaning the refrigerator; and printing out the daily closing log for waitresses.

33. While employed by Defendants, Plaintiff did not perform any job duties typical of exempt employees.

34. While employed by Defendants, Plaintiff performed only job duties typical of non-exempt employees.

35. Plaintiff typically worked the evening shift, from 4:00 p.m. until midnight when the Upper East Side Location closed, and was paid $10 per shift, plus her tips. For instance, Plaintiff worked Wednesday April 30 through Sunday May 5, 2014. During that time, she worked five (5) evening shifts of eight (8) hours each, for a total of forty (40) hours for the week. She was paid $10 per shift or a total of $50 for the week, plus her tips.

36. Plaintiff frequently worked more than forty (40) hours in a week. For instance:

    a. Plaintiff worked Tuesday July 31 straight through Sunday August 5, 2012. During that period, she worked six (6) evening shifts of eight (8) hours each, for a total of forty-eight (48) hours for the week. She was paid $10 per shift or a total of $60 for the week, plus her tips. She was not paid at an overtime rate for the eight (8) hours she worked in excess of forty (40).

      b. Plaintiff worked Wednesday September 5 through Sunday, September 9, 2012. During that time, she worked five (5) evening shifts of eight (8) hours each, plus one lunch shift of five (5) hours (11:00 a.m. until 4:00 p.m.) on September 7, for a total of forty-five (45) hours for the week. She was paid $10 per evening shift and $20 for the one lunch shift, for a total of $70 for the week, plus her tips. She was not paid at an overtime rate for the five (5) hours she worked in excess of forty (40).

37. Plaintiff was not paid on an hourly basis, as required under NYCRR § 146-2.5.

38. When she worked her typical evening shift, Plaintiff was paid at an effective rate of $1.25 per hour – substantially less than the federal minimum tipped wage specified in the FLSA, and substantially less than the state minimum tipped wage specified in the NYLL.

39. When she occasionally worked a lunch shift, Plaintiff was paid at an effective rate of $4.00 per hour – substantially less than the state minimum tipped wage specified in the NYLL.

40. Plaintiff was not paid at an overtime rate for hours she worked in excess of forty (40) in a week, as required under the FLSA and the NYLL.

41. On those days when Plaintiff worked both a lunch shift and an evening shift, her total work time exceeded ten (10) hours. On those occasions, Plaintiff was not compensated with an additional hour's worth of pay, as required under NYCRR § 146-2.5.

42. Defendants never informed Plaintiff of her rights under Section 203(m) of the FLSA, as required by that same Section for an employer seeking to claim the "tip credit."

43. Plaintiff was never provided written notice of her regular hourly pay rate, overtime hourly pay rate, the amount of tip credit, if any, to be taken from the basic minimum hourly rate, and the regular payday, as required under NYCRR § 146-2.2.

44. Defendants knew or should have known that they were obligated under the FLSA and the NYLL to pay Plaintiff the minimum wage for tipped employees.

45. Defendants knew or should have known that they were obligated under the FLSA and the NYLL to pay Plaintiff overtime pay for hours worked in excess of forty (40) each week.

46. Defendants knew or should have known that they were obligated under the NYLL to pay Plaintiff one additional hour of pay at the basic minimum hourly rate on those days when her spread of hours exceeded ten (10).

47. Defendants' wrongful acts and omissions, as alleged herein, were not made in good faith or in conformity with or reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor and/or the New York Department of Labor, or any administrative practice or enforcement policy of either such department.

48. Defendants' above-described violations of the FLSA and the NYLL were willful, arbitrary, unreasonable and in bad faith.

## COLLECTIVE AND CLASS ALLEGATIONS

49. Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

50. During the time Plaintiff was employed by Defendants, other individuals were employed in non-exempt positions at the Restaurants.

51. Like Plaintiff, some of these other employees would sometimes work over forty (40) hours per week.

52. Like Plaintiff, some of these other employees would sometimes work days in which their spread of hours exceeded ten (10).

53. Plaintiff and these other employees were always paid a flat amount per shift, with no overtime or spread-of-hours pay.

54. At all relevant times, Plaintiff and other persons employed by Defendants in non-exempt positions were and are similarly situated, in that they were and are victims of Defendants' common policy of failing to pay their non-exempt employees the applicable minimum wage as required under the FLSA and the NYLL, of failing to pay their non-exempt employees overtime pay for all hours worked in excess of forty (40) as required under the FLSA and the NYLL, and of failing to pay their non-exempt employees one additional hour of pay at the basic minimum hourly rate on those days when their spread of hours exceeded ten (10), as required under the NYLL.

55. Plaintiff brings her FLSA claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 16(b), on behalf of herself and all other non-exempt employees of Defendants.

56. During all relevant times, Defendants failed to inform Plaintiff and all other similarly situated employees of their rights under Section 203(m) of the FLSA, as required by that same Section for an employer seeking to claim the "tip credit."

57. The proposed FLSA Collective is defined as: **All non-exempt employees of SAFI-G, INC. (d/b/a CAFFE BUON GUSTO) and/or NASSER GHORCHIAN at the Restaurants at any time within three (3) years prior to the filing of this Complaint.**

58. Plaintiff brings her NYLL claims as a class action under Rule 23 of the Federal Rules of Civil Procedure and the NYLL, on behalf of herself and all other non-exempt employees of Defendants.

59. During all relevant times, Defendants failed to provide to Plaintiff and all other similarly situated employees written notice of their regular hourly pay rates, overtime hourly pay rates, the amount of tip credit, if any, to be taken from the basic minimum hourly rates, and the regular payday, as required under NYCRR § 146-2.2.

60. The proposed Rule 23 Class is defined as: **All non-exempt employees of SAFI-G, INC. (d/b/a CAFFE BUON GUSTO) and/or NASSER GHORCHIAN at the Restaurants at any time within six (6) years prior to the filing of this Complaint.**

61. This action is properly brought as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

62. The class is so numerous that joinder of all members is impractical. While the exact number and identities of class members are unknown at this time and can only be ascertained through appropriate discovery, Plaintiff believes that at least 40 class members have worked for Defendants at the Restaurants during the applicable statutory period without receiving the minimum tipped wage, appropriate overtime, or spread-of-hours compensation, as required by the NYLL.

63. This litigation is properly brought as a class action because of the existence of questions of fact and law common to the class which predominate over any questions affecting only individual members, namely whether Defendants are liable for failure to pay Plaintiff and other members of the putative class the minimum tipped wage, overtime pay for hours worked each week in excess of forty (40), and one additional hour of pay at the basic

11

minimum hourly rate on those days when their spread of hours exceeded ten (10), as required under the NYLL,.

64. This litigation is properly brought as a class action because Plaintiff's claims are typical of the claims of the members of the class, inasmuch as all such claims arise from Defendants' standard policies and/or practices, as alleged herein. Like all class members, Plaintiff was damaged by Defendants' common policy of failing to pay proper compensation for all hours worked.

65. Plaintiff has no interests antagonistic to the interests of the other members of the class. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in class action litigation. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the class.

66. A class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

   a. Common questions of law and/or fact predominate over any individual questions which may arise, and, accordingly, there would accrue significant savings to both the Court and the class in litigating the common issues on a classwide instead of on a repetitive individual basis;

   b. Despite the size of individual class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost-effective basis, especially when compared with repetitive individual litigation; and

    c. No unusual difficulties are likely to be encountered in the management of this class action in that all questions of law and/or fact to be litigated at the liability stage of this action are common to the class.

67. Class certification is also fair and efficient because prosecution of separate actions by individual class members would create a risk of differing adjudications with respect to such individual members of the class, which as a practical matter may be dispositive of the interests of other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

68. Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents FLSA and NYLL claims of a type that have often been prosecuted on a classwide basis, and the manner of identifying the class and providing any monetary relief to them can easily be effectuated from a review of Defendants' records.

## FIRST CLAIM FOR RELIEF
## (FLSA INDIVIDUAL VIOLATION)

69. Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

70. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

71. At all relevant times, Plaintiff was a non-exempt employee of Defendants within the meaning of the FLSA.

72. Defendants failed to pay Plaintiff the applicable minimum wage for tipped employees, as required under the FLSA.

73. Plaintiff frequently worked over forty (40) hours per week.

74. Defendant failed to pay Plaintiff overtime pay for all hours worked each week in excess of forty (40), as required under the FLSA.

75. Defendants never informed Plaintiff of her rights under Section 203(m) of the FLSA, as required by that same Section for an employer seeking to claim the "tip credit."

76. Defendants' conduct and practices, described herein, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

77. Because Defendants willfully violated the FLSA, a three (3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

78. As a result of the foregoing, Plaintiff was illegally denied proper compensation earned, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, liquidated damages, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
## (NYLL INDIVIDUAL VIOLATION)

79. Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

80. At all relevant times, Defendants employed Plaintiff within the meaning of the NYLL.

81. At all relevant times, Plaintiff was a non-exempt employee of Defendants within the meaning of the NYLL.

82. Defendants failed to pay Plaintiff the applicable minimum wage for tipped employees, as required under the NYLL.

83. Plaintiff frequently worked over forty (40) hours per week.

84. Defendant failed to pay overtime pay for all hours worked each week in excess of forty (40), as required under the NYLL.

85. Defendants failed to pay Plaintiff one additional hour of pay at the basic minimum hourly rate on those days when her spread of hours exceeded ten (10), as required under the NYLL.

86. Defendants never provided to Plaintiff written notice of her regular hourly pay rate, overtime hourly pay rate, the amount of tip credit, if any, to be taken from the basic minimum hourly rate, and the regular payday, as required under NYCRR § 146-2.2.

87. Defendants' conduct and practice, described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

88. A six (6) year statute of limitation applies to each such violation pursuant to NYLL §§ 198(3), 663(3).

89. As a result of the foregoing, Plaintiff was illegally denied proper compensation earned, in such amounts to be determined at trail, and is entitled to recovery of total unpaid amounts, liquidated damages, prejudgment interest, costs, reasonable attorney's fees and other compensation pursuant to N.Y. Labor Law §§ 198(3), 663(3).

### THIRD CLAIM FOR RELIEF
### (FLSA COLLECTIVE VIOLATION)

90. Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

91. At all relevant times, Defendants employed Plaintiff and members of the putative collective within the meaning of the FLSA.

92. Plaintiff and members of the putative collective are non-exempt employees within the meaning of the FLSA.

93. Defendants failed to pay Plaintiff and the members of the putative collective the applicable minimum wage and/or overtime pay for all hours worked each week in excess of forty (40), as required under the FLSA.

94. Defendants failed to inform Plaintiff and the members of the putative collective of their rights under Section 203(m) of the FLSA, as required by that same Section for an employer seeking to claim the "tip credit."

95. Defendants' conduct and practices, described herein, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

96. Because Defendants willfully violated the FLSA, a three (3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. § 255.

97. As a result of the foregoing, Plaintiff and members of the putative collective were illegally denied proper compensation earned, in such amounts to be determined at trial, and are entitled to recovery of total unpaid amounts, liquidated damages, prejudgment interest, costs, reasonable attorney's fees and other compensation pursuant to 29 U.S.C. § 216(b).

### FOURTH CLAIM FOR RELIEF
### (NYLL CLASS VIOLATION)

98. Plaintiff repeats and realleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

99. At all relevant times, Defendants employed Plaintiff and members of the putative class within the meaning of the NYLL.

100. Plaintiff and members of the putative class are non-exempt employees within the meaning of the NYLL.

101. Defendants failed to pay Plaintiff and the members of the putative class the applicable minimum wage and/or overtime pay for all hours worked each week in excess of forty (40), as required under the NYLL.

102. Defendants failed to pay Plaintiff and the members of the putative class one additional hour of pay at the basic minimum hourly rate on those days when their spread of hours exceeded ten (10), as required under NYCRR § 146-2.5.

103. Defendants failed to provide to Plaintiff and all other similarly situated employees written notice of their regular hourly pay rates, overtime hourly pay rates, the amount of tip credit, if any, to be taken from the basic minimum hourly rates, and the regular payday, as required under NYCRR § 146-2.2.

104. Defendants' conduct and/or practice, as described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

105. A six (6) year statute of limitations applies to each such violation, pursuant to N.Y. Labor Law §§ 198(3), 663(3).

106. As a result of the foregoing, Plaintiff and the members of the putative class were illegally denied proper compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, pre-judgment interest, costs, reasonable attorney's fees and other compensation pursuant to N.Y. Labor Law §§ 198(3), 663(3).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A)    A declaratory judgment that Defendants' wage practices alleged herein violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, and attendant regulations at 29 C.F.R. §§ 516 *et seq.*

(B)    A declaratory judgment that Defendants' wage practices alleged herein violate the NYLL.

(C)    An order for injunctive relief ordering Defendants to end all of the illegal wage practices alleged herein pursuant to the FLSA, New York statutes, and related laws and regulations.

(D)    An order directing Defendants, at their own expense, to investigate and account for the number of hours actually worked by Plaintiff and all members of the putative collective and the putative class.

(E)    Judgment for damages for all unpaid compensation under the FLSA, 29 U.S.C. §§ 201, *et seq.,* and attendant regulations at 29 C.F.R. §§ 516 *et seq.*

(F)    Judgment for liquidated damages pursuant to the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. §§ 516 *et seq.*, in an amount equal to all unpaid compensation owed to Plaintiff and all members of the putative collective during the applicable statutory period.

(G)    Judgment for damages for all unpaid compensation under the NYLL and related regulations.

(H)    Judgment for liquidated damages in an amount equal to all unpaid compensation owed to Plaintiff and all members of the putative class during the applicable statutory period pursuant to the NYLL and related regulations.

(I)  An Incentive Award for Plaintiff.

(J)  Judgment for any and all civil penalties to which Plaintiff and all members of the putative collective and the putative class may be entitled.

(K)  An order directing Defendants to pay Plaintiff and all members of the putative collective and the putative class prejudgment interest, reasonable attorney's fees and all costs connected with her action.

(L)  Such other and further relief as to this Court may deem necessary, just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all questions of fact raised by the complaint.

Dated: April 21, 2015  
Jersey City, New Jersey

Respectfully submitted,

**JTB LAW GROUP, LLC**

By: _____  
Jason T. Brown  
*jtb@jtblawgroup.com*  
Patrick S. Almonrode  
*patalmonrode@jtblawgroup.com*  
155 2nd Street, Suite 4  
Jersey City, NJ 07302  
(201) 630-0000 (office)  
(855) 582-5297 (fax)

*Attorneys for Plaintiff*

19