# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KIMBERLYN VELASQUEZ, On Behalf Of Herself And All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SAFI-G INC. (d/b/a CAFFE BUON GUSTO) and NASSER GHORCHIAN,<br><br>Defendants. | Case no. 1:15-cv-03068-WHP<br><br>SETTLEMENT AGREEMENT AND MUTUAL RELEASE OF ALL CLAIMS |

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE OF ALL CLAIMS

This Settlement Agreement and Mutual Release of All Claims ("Agreement") is made this 1st day of August 2015 by and between Plaintiff Kimberlyn Velasquez (including her heirs, agents, and assigns) and Defendants Safi-G Inc. (including its current, former and successor affiliated or related business entities, subsidiaries, owners, executives, board members, shareholders, officers, directors, employees, employee benefit plans, agents, attorneys, insurers, reinsurers, and assigns), and Nasser Ghorchian (including his heirs, agents, and assigns), referred to collectively herein as "Defendants."

Plaintiff has asserted claims against Defendants for unpaid minimum wage, overtime, and "spread of hours" wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and the New York Labor Law in the above-captioned lawsuit (the "Lawsuit"). Defendants deny Plaintiff's allegations.

Out of a desire to avoid the expense, burden, delay, and uncertainty of continued litigation, the parties entered into a settlement on June 15, 2015 to settle fully and finally all matters between them related to Plaintiff's claims in the Lawsuit and any and all potential claims that might arise out of Plaintiffs' employment with and/or separation from employment with Defendants. The terms of that settlement were performed to the satisfaction of all parties on July 2, 2015. The present Agreement memorializes the terms of that prior settlement

In consideration of their mutual promises, the parties agree as follows:

1. **Defendants' Obligations**

    a.  Defendants hereby acknowledge that they are entering into a compromise of a disputed claim, and they continue to vigorously deny any violation of any law or of Plaintiff's rights. By entering this Agreement, Defendants do not admit liability for any claim asserted by Plaintiff or for any claim whatsoever.

    b.  Defendants hereby fully and completely release Plaintiff from any and all claims, liabilities, promises, contracts, lawsuits, and obligations, under any state or federal statute, regulation or ordinance, and/or any other claim based in tort, contract, promissory estoppel, unjust enrichment, public policy, or the common law, including claims for injunctive or equitable relief, attorneys' fees, court costs, or punitive, compensatory, or liquidated damages, whether now known or unknown, asserted or unasserted, discovered or undiscovered, which have been or could have been asserted by Defendants or on their behalf in this Lawsuit or in any lawsuit, arising out of any circumstances and occurrences prior to the date of this date of this Agreement.

    c.  In settlement of Plaintiff's claims, on or about July 1, 2015, Defendants made payment of a total of $23,000, allocated as follows:

    (i) One check made payable to Kimberlyn Velasquez in the amount of $7,666.67, less lawful deductions, issued as W-2 income;

    (ii) One check made payable to Kimberlyn Velasquez in the amount of $7,666.67, issued as 1099 income; and

    (iii) One check made payable to the JTB Law Group, LLC, in the amount of $7,666.67, for reasonable attorneys' fees and costs.

The payments described above were sent via Federal Express to Plaintiff's counsel, The JTB Law Group, LLC, at 155 Second Street, Suite 4, Jersey City, New Jersey 07302. Plaintiff's counsel hereby expressly acknowledges receipt of these payments.

2. **Plaintiff's Obligations**

    a.  Plaintiff agrees and acknowledges that she is resolving a bona fide dispute about her alleged entitlement to minimum wage, overtime, and "spread of hours" compensation. Plaintiff also agrees and acknowledges that, including the payments set forth in Section 1.c. of this Agreement, which were made by Defendants on or about July 1, 2015, the receipt and adequacy of which Plaintiff hereby expressly acknowledges, she has been paid and has received all the minimum wage, overtime, and "spread of hours" compensation to which she may be entitled and that no other compensation is owed to her. Plaintiff further agrees and acknowledges that any claims she may have had under the FLSA and any state wage and hour law, even if such claims were valid before (which Defendants deny), have been resolved by the payment made under this Agreement. Plaintiff further agrees and understands that she will not file or attempt to file any claim

2

against Defendants that could arguably be construed as a claim included within Section 1.b.

b. Plaintiff hereby fully and completely releases Defendants, individually and jointly, from any and all claims, liabilities, promises, contracts, lawsuits, and obligations under the FLSA, the New York Labor Law, and/or any other federal, state, city or local statute, regulation, or ordinance, and/or any other claim based in tort, contract, promissory estoppel, unjust enrichment, public policy, or the common law concerning unpaid wages, overtime pay, "spread of hours" pay, liquidated damages, including claims for injunctive or equitable relief, attorneys' fees, court costs, or punitive, compensatory, or liquidated damages, whether now known or unknown, asserted or unasserted, discovered or undiscovered, which have been or could have been asserted by Plaintiff or on her behalf in the Lawsuit or any lawsuit, arising out of any circumstances and occurrences prior to the date of this Agreement.

c. Plaintiff shall take all steps necessary to dismiss the Lawsuit, with prejudice, including any steps necessary to obtain Court approval of this Agreement. To that end, on July 2, 2015, Plaintiff filed a Notice of Voluntary Dismissal Pursuant to FRCP 41, which is currently pending Court approval.

**AGREED TO BY:**

DocuSigned by:
92A89BC7B8DF4C0...
Kimberlyn Velasquez

7/31/15 (PSA)
Date

_____
(on behalf of) Safi-G

_____
Date

_____
Nasser Ghorchian

_____
Date

3

against Defendants that could arguably be construed as a claim included within Section 1.b.

b.  Plaintiff hereby fully and completely releases Defendants, individually and jointly, from any and all claims, liabilities, promises, contracts, lawsuits, and obligations under the FLSA, the New York Labor Law, and/or any other federal, state, city or local statute, regulation, or ordinance, and/or any other claim based in tort, contract, promissory estoppel, unjust enrichment, public policy, or the common law concerning unpaid wages, overtime pay, "spread of hours" pay, liquidated damages, including claims for injunctive or equitable relief, attorneys' fees, court costs, or punitive, compensatory, or liquidated damages, whether now known or unknown, asserted or unasserted, discovered or undiscovered, which have been or could have been asserted by Plaintiff or on her behalf in the Lawsuit or any lawsuit, arising out of any circumstances and occurrences prior to the date of this Agreement.

c.  Plaintiff shall take all steps necessary to dismiss the Lawsuit, with prejudice, including any steps necessary to obtain Court approval of this Agreement. To that end, on July 2, 2015, Plaintiff filed a Notice of Voluntary Dismissal Pursuant to FRCP 41, which is currently pending Court approval.

**AGREED TO BY:**

_____     _____
Kimberlyn Velasquez                                            Date

_____     ___8/1/15___
(on behalf of) Safi-G                                              Date

_____     ___8/1/15___
Nasser Ghorchian                                                  Date

3